FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| ARBITECH, LLC <br> 15330 Barranca Parkway <br> Irvine, CA 92618 <br><br> Plaintiff <br><br> v. <br><br> ABC MANAGEMENT TECHNOLOGY SOLUTIONS, LLC <br> 14102 Sullyfield Circle, Suite 250 <br> Chantilly, VA 20151 <br><br> <u>With Service Upon</u>: <br> Harvey J. Kolzer <br> 216 South Patrick Street <br> Alexandria, VA 22314 <br> Resident Agent <br><br> and <br><br> ROBERT PROSSER <br> 42831 Appaloosa Trail <br> Chantilly, VA 20152 <br><br> and <br><br> CLIFF THOMAS <br> Serve at: <br> ABC Management Technology <br> Solutions, Inc. <br> 14102 Sullyfield Circle, Suite 250 <br> Chantilly, VA 20151 <br><br> Defendants | Civil Action No. 1:09cv 1356 <br> AJT/JFA |

**COMPLAINT FOR BREACH OF CONTRACT
AND FRAUDULENT INDUCEMENT**

Plaintiff Arbitech, LLC ("Plaintiff" or "Arbitech"), by its undersigned counsel, files this

Complaint for Breach of Contract and Fraudulent Inducement against Defendants ABC

Management Technology Solutions, LLC ("ABC"), Robert Prosser ("Prosser") and Cliff Thomas ("Thomas"), and alleges as follows:

1. Plaintiff sells computer equipment, primarily to resellers.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

3. The Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00.

4. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(a).

## THE PARTIES

5. Plaintiff Arbitech is a California limited liability company having its principal place of business in Irvine, California.

6. Arbitech is informed and believes, and on that basis alleges, that Defendant ABC is a Virginia limited liability company having its principal place of business at 14102 Sullyfield Circle, Suite 250, Chantilly, VA 20151.

7. Arbitech is informed and believes, and on that basis alleges, that Defendant Prosser is a citizen of the Commonwealth of Virginia.

8. Arbitech is informed and believes, and on that basis alleges, that Defendant Thomas is a principal of ABC in Virginia and is a citizen of the Commonwealth of Virginia.

## ALLEGATIONS FOR ALL CLAIMS OF RELIEF

9. On July 9, 2009, ABC executed a Resale Certificate whereby ABC agreed that products purchased from Plaintiff would be resold by ABC in the form of tangible property and that ABC would pay taxes on such resales.

10. On or about September 9, 2009, ABC submitted a credit application and agreement (the "Application") to Plaintiff in connection with a proposed reseller agreement. A true and correct copy of the Application is attached hereto and incorporated herein as <u>Exhibit 1</u>.

11. In the Application, ABC sought to obtain trade credit and the shipment of products from Arbitech.

12. In the Application, ABC also agreed to pay Plaintiff in full for all amounts due based upon Plaintiff's invoices.

13. Additionally, ABC agreed to pay Plaintiff interest in the amount of 1.5% per month for invoice amounts that were past due, plus reasonable attorneys' fees.

14. Commencing on September 15, 2009, Plaintiff delivered various computer products to various end user customers on ABC's behalf.

15. As of October 15, 2009, the sum of $113,475.00 was immediately due and payable from ABC to the Plaintiff.

16. During the time period October 14 to October 30, 2009, ABC made a series of verbal and written representations to Plaintiff to induce Plaintiff to ship approximately $464,894 in additional products to end user customers on ABC's behalf. Plaintiff is informed and believes and thereupon alleges that these verbal and written representations were made with Thomas' knowledge, consent and authorization.

17. On October 14, 2009, in a phone call with Plaintiff's sales executive Thomas Iandiorio ("Iandiorio"), Shobit Karanwal ("Karanwal"), ABC's chief executive officer, promised that Plaintiff was being mailed a check for $113,475, which represented the amount that would be due, owing and payable as of October 15, 2009 to Plaintiff for goods previously delivered on ABC's behalf.

18. Also on October 14, 2009, Raquel Semeraro, ABC's chief financial officer, sent by telecopier to Iandiorio what purported to be ABC check #2050 for $113,475 ("Check 2050"). A true and correct copy of Check 2050 is attached hereto and incorporated herein as Exhibit 2.

19. When Check 2050 did not arrive, Karanwal promised Iandiorio in a phone call on October 28, 2009 that Plaintiff would be sent another check, and on October 30, 2009, Plaintiff received check #2212 in the amount of $113,475 from ABC ("Check 2212"). A true and correct copy of Check 2212 is attached hereto and incorporated herein as Exhibit 3.

20. In reliance on the above representations and purported payment, Plaintiff shipped approximately $464,894 in additional goods to end user customers on behalf of ABC.

21. Plaintiff is informed and believes and thereupon alleges that the above representations were false and that Thomas and ABC had no intention of providing Arbitech a valid payment for the $113,475.

22. After the approximately $464,894 in additional goods were shipped by Plaintiff and delivered, and at the instruction of Thomas, ABC caused a stop payment to be placed on check 2212.

23. As of December 7, 2009, ABC owes Plaintiff a total of approximately $763,017.00,[1] plus interest, consequential damages and reasonable attorneys' fees.

---

[1] In the event Plaintiff recovers any funds through its insurance policy, the amount of damages sought herein will be reduced accordingly.

## COUNT I
### (Breach of Contract against ABC)

24. Arbitech hereby repeats, realleges and incorporates by reference paragraphs 1 through 23 of this Complaint as though fully set forth herein.

25. ABC agreed to pay Arbitech for goods that were delivered to end user customers on behalf of ABC.

26. Despite demand, ABC has refused and failed to pay Arbitech. A true and correct copy of the November 19, 2009 demand letter to ABC is attached hereto and incorporated herein as Exhibit 4.

27. ABC's failure to pay the amount owed to Plaintiff constitutes a breach of the agreement.

28. Arbitech has been damaged by ABC's failure to pay the amounts owed under the Agreement.

## COUNT II
### (Breach of Contract against Prosser)

29. Arbitech hereby repeats, realleges and incorporates by reference paragraphs 1 through 28 of this Complaint as though fully set forth herein.

30. On October 13, 2009, Prosser executed a guaranty (the "Guaranty") in favor of Plaintiff in which he guaranteed all of ABC's obligations to Plaintiff, including without limitation reasonable attorneys' fees for collection. A true and correct copy of the Guaranty is attached hereto and incorporated herein as Exhibit 5.

31. Despite demand, Prosser has refused and failed to pay Arbitech. A true and correct copy of the November 19, 2009 demand letter to Prosser is attached hereto and incorporated herein as Exhibit 6.

32. Prosser's failure to pay the amount owed to Plaintiff constitutes a breach of the Guaranty.

33. Arbitech has been damaged by Prosser's failure to pay the amounts owed under the Guaranty.

## COUNT III
### (Fraudulent Inducement)

34. Arbitech hereby repeats, realleges and incorporates by reference paragraphs 1 through 33 of this Complaint as though fully set forth herein.

35. Thomas and ABC fraudulently induced Plaintiff to continue shipping goods based upon a representation that a portion of the accrued amounts owed would be paid.

36. Thomas and ABC made material misrepresentations to Plaintiff to induce Plaintiff to ship additional goods.

37. The representations that partial payment would be made were untrue.

38. Plaintiff relied on the misrepresentations when Plaintiff shipped additional goods to end user customers on behalf of ABC and incurred additional expenses.

39. Subsequent to receipt of the additional goods, ABC stopped payment on Check 2212.

40. Upon information and belief, Thomas and ABC had no intention of paying Plaintiff when Check 2050 was purportedly sent and when Check 2212 was sent.

41. Thomas and ABC intentionally stopped payment on Check 2212 knowing that Plaintiff would be harmed by their actions.

42. Plaintiff was induced to ship additional goods and has been damaged as a result of the stopped payment on Check 2212.

## PRAYER FOR RELIEF

WHEREFORE, Arbitech prays for judgment against Defendants as follows:

1. That the Court enter judgment in favor of Arbitech and against ABC on Count I for breach of contract in the amount of $763,017.00 or such other amount as proven by Plaintiff, plus consequential damages, interest and reasonable attorneys' fees;

2. That the Court enter judgment in favor of Arbitech and against Prosser on Count II for breach of contract in the amount of $763,017.00 or such other amount as proven by Plaintiff, plus consequential damages, interest and reasonable attorneys' fees;

3. That the Court enter judgment in favor of Arbitech and against ABC and Thomas on Count III for fraudulent inducement in the amount of $464,894.00 or such other amount as proven by Plaintiff, plus consequential damages, interest and reasonable attorneys' fees;

4. That Arbitech be awarded such other and further relief as this Court may deem just.

Respectfully submitted,

SHULMAN, ROGERS, GANDAL,
PORDY & ECKER, P.A.

By: _____
Matthew M. Moore (VSB No. 44953)
Michael J. Lichtenstein
12505 Park Potomac Avenue, Sixth Floor
Potomac, Maryland 20854
TEL:  (301) 230-6560
      (301) 230-5231
FAX:  (301) 230-2891
Email: mmoore@shulmanrogers.com
       mjl@shulmanrogers.com

*Attorneys for Plaintiff*

g:\75\clients\arbitech-117221.02\pleadings\complaint re breach of contract.doc